SANTINI FERTILIZER Co., INC., Plaintiff and Appellant, *v.* MODESTO G. CAPIEL ET AL., Defendants and Appellees.

No. 3955.   Argued December 2, 1926.—Decided February 25, 1927.

*Enrique Rincón* for the appellant.   *Monserrat & Monserrat* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

This appeal involves a race of diligence among rival creditors and claimants to the property once belonging to and in possession of Modesto G. Capiel and Eladia Castejón.

The District Court of San Juan rendered an opinion which we shall summarize as follows:

On the 25th of May, 1925, in execution of a judgment obtained by it against Modesto G. Capiel, the Banco Popular de Economías y Préstamos de San Juan bought in the auction sale the following property:

A. An option of purchase that Modesto G. Capiel had acquired from Ray P. Meaker and his wife in a rural property in Pueblo Viejo.

Another parcel of land in the same district which measured 15 feet by 60 feet, more or less.

B. A cane plantation with planted cane on the same property.

C. The actual crop of grape-fruit and oranges to be gathered from the same.

The purchaser paid $100 for the property described under A and $50 for the property described under B and C.

In the sale the marshal announced that the property was for sale subject to two liens, one held by Dr. Eugenio Fernández García by virtue of an attachment and one held by the Santini Fertilizer Co. Inc. by reason of an attachment likewise obtained by the latter.

That the said Santini Fertilizer Co. Inc., complainant in a suit against Modesto G. Capiel and Eladia Castejón, was asking in a motion that the said Banco be required to deposit in court the sum of $1,617.46 by reason of the attachment, inasmuch as, so it was alleged, the bank had acquired the said property subject to the attachment of the Santini Fertilizer Co. Inc.

The court went on to describe the suit No. 1344 previously begun by the Santini Fertilizer Company, and then said:

"From this case No. 1344 it appears that on the 31st of January, 1925, the District Court of San Juan, second district, to secure the effectiveness of the judgment ordered the attachment of the property of the defendants Modesto G. Capiel and Eladia Castejón to answer for the sum of $1,522.91 principal, interest, fees, costs and expenses of the proceeding without determining the amount of these accessories respectively, and that in the same manner and on the same day a writ was issued to the marshal of the court to execute the attachment, this being executed on a plantation of 25 acres of cane located in the ward of Pueblo Viejo in the municipality of Guaynabo, which was to be ground in the Central Juanita, Inc. of Bayamón. It does not appear that any notice was sent to the Registrar of Property and the action of the marshal was limited to serving a notice on the defendant Eladia Castejón stating the execution of the attachment and notifying her not to dispose of the plantation or of its products except by reason of the judicial auction sale of the same, with citation to the complainant and in accordance to the law regarding the effectiveness of judgments, it not appearing that such notice was executed (*sin que aparezca constancia de haberse diligenciado dicha notificación*) and also a notice signed by the same marshal and directed to Antonio Monroig as administrator of the Central Juanita Inc. of Bayamón, notifying him of the execution of the attachment, and des-

ignating the said Central at the motion of the complainant as a depositor of the plantation of cane which was attached and notifying it (the central) that it was made the depositary, and that the product of the said cane when finally ground should be placed at the disposition of the court up to the sum of $1,522.91. There is no order of the court naming a depositary and no further action than the order issuing the attachment.

"On the 12th of February, 1925, an extension of attachment was asked on a rural piece of property of 50 acres in the ward of Pueblo Viejo of Guaynabo and on another piece of property in the same ward, 15 feet wide by 60 feet long, which was said to have been acquired by purchase on the part of Modesto G. Capiel from Mr. Ray P. Meaker in the year 1917, and the court on the following day ordered the extension telling the secretary to issue to the marshal the proper writ of attachment, which it does not appear was issued.

"On the fifth of March, 1925, Federico García Dávila claimed from the marshal of the court in a proceeding of the trial of the right to a personal property (mediante procedimiento de tercería de bienes muebles) the cane plantation of 25 acres which had been attached as the property of Eladia Castejón, the record showing the oath and corresponding bond and the certificate of the marshal that he had made the delivery to intervenor.

"On the 12th of November, 1925, the said Santini Fertilizer Co. Inc., alleging the sale to the Banco Popular de Economías y Préstamos de San Juan and that for this reason the judgment which was to be pronounced in the suit (of Santini) had been left without security, requested an extension against personal property of the defendant Modesto G. Capiel ordering the same on the appropiate date and issuing the writ to the marshal who attached the amount of the product of 163 boxes of oranges delivered by Modesto G. Capiel to the Porto Rico Fruit Exchange Inc. and whatever other fruits that the said Modesto G. Capiel should turn over to the said corporation up to the sum of $1,522.91 claimed in the original complaint.

"Under these circumstances the complainant amended its complaint and the defendants answered agreeing to the claim and by stipulation judgment was rendered on the 24th of November, 1925, requiring them to satisfy to the complainant the sum of $1,617.46 as principal, interest, and costs. The judgment is unappealable and execution was issued inasmuch as defendant waived the term for appealing.

"These are the facts on which to base the motion of the Santini

Fertilizer Company, Inc. and which the Banco Popular de Economías y Préstamos de San Juan opposes and the first question to decide is the responsibility that the Bank has by reason of the attachment of the plantation of sugar cane.

"According to the record, this plantation was claimed in a proceeding of personal property by Federico García Dávila and delivered to him by the marshal and from the record it does not appear that the Bank has made nor could make effective any part of its judgment against the same, and if the bank has acquired from said Federico García Dávila or any other person, the Santini Fertilizer Co. Inc., which made no objection to the intervention, can claim nothing now by reason of such contracts made after the said writ (*remedio*).

"While it is true that the intervention did not lie by reason that the proceeding adopted was for personal property, the fact is that the parties did not allege anything to the contrary and the complainant proceeded in regard to the execution of the attachment just as if the plantation were personal property even to the point of naming a depositary. In addition to the fact that the attachment of the plantation of cane was void, inasmuch as the proceeding was not adjusted to the law in regard to the attachment of real property, it appears from the record that the depositary was named by the party and not by the court as the special law of the case requires. Section 10 Law of the Effectiveness of Judgments. The property being attached as it should have been strictly done in the form provided for real property the naming of a depositary did not lie but in a proper case the naming of judicial administrator for the property in which the cane was planted. Rodríguez *vs*. Corte de Distrito de San Juan, 31 P.R.R. 659.

"With regard to the plantation of grape-fruit it need only to be said that it was never attached in the suit in which the motion has been formulated.

"There remains to be decided the responsibilities which the Bank may have acquired by reason of the acquisition in public auction of the right or option of the defendant, Modesto G. Capiel, to acquire the property of 50 acres and the smaller property which was said to be acquired in the same suit. In the first place the bank did not acquire by reason of such remedy the dominion of said two properties but only the right of Modesto G. Capiel to acquire the ownership from Roy P. Meaker.

"If the bank has made use of this right or option buying from the proprietor these two portions of land, its responsibility, if it has

any, should be valued on the right of option and not on the value of the property on which the option could be exercised.

"But the fact is that from the record the Santini Fertilizer Company has not acquired any lien at all, neither upon the property nor upon the right of Modesto G. Capiel to acquire the same. The record shows an order of the court to extend the attachment already executed upon this property and authorization to the secretary to issue the writ, but there is no statement that this was issued and as this is an attachment of real property to secure the effectiveness of the judgment, force must be given to section 9 of the act on the matter, notifying the defendant of the execution of the attachment, warning him that he could not sell the property except at a public sale, with citation to the complainant and with the price being deposited at the disposition of the court and noting the attachment in the registry of property. It does not appear that any of this was done.

"Now, the indication which the marshal makes in this edict announcing that the auction sale is made subject to the liens that might arise in the execution of the judgment, could this be binding on the Banco Popular de Economías y Préstamos de San Juan? Undoubtedly not, because the knowledge of such error on the part of the marshal was not shown nor in reality did the attachment exist, nor was the adjudication made subject to this responsibility."

There were various errors assigned which we dispose of under the following considerations:

The appellant did not bring itself within section 9 in regard to the attachment for the effectiveness of judgment. Notifying the attachment to the defendant and naming a depositor was not by itself enough and for these reasons the appellant never really acquired a preferential right over the property, supposing all the property was capable of attachment. As the bank was in possession and claimed the ownership of the property, when the appellant attempted to set up a preferential lien the said bank, stepping into the shoes of the debtors, had a right to attack the supposed preferential claim. It would follow, therefore, that the property remained free.

Furthermore in the record the return of the marshal shows that when Federico García Dávila filed his intervention the marshal made a return wherein he stated that Federico García Dávila had given a due bond for $2,000 and that therefore he, the marshal, would restore to the defendants in the case all the property of which they have been deprived by the supposed attachment, so that when the bank came to execute against the same debtor the attachment against the property which the Santini Fertilizer Co. had possessed had been lifted. We agree with the appellee bank that when the property was turned back to the debtor by reason of the said claim of Federico García Dávila the Santini Fertilizer Company and the marshal lost all claim or lien on the attached property and were bound, if any remedy they had, to look to García Dávila. It is the law that an officer who surrenders property loses his lien. *Mead* v. *Dapena,* 32 P.R.R. 373, *Oronoz* v. *Alvarez,* 23 P.R.R. 497.

We agree with the appellee that the announcement made by the marshal that the property sold was affected by a lien of the appellant could not and did not create a lien in its favor if none existed before. The marshal would then be making a mistake that could not help the said appellant. The debtors might perhaps complain that the property was sold for too little cash, but they are not asking that the sale be set aside on this ground, nor did the appellant.

The judgment appealed from will be affirmed.